**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4220

XUYEN THI VU,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-354-A)

Submitted: March 11, 1997

Decided: April 21, 1997

Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald I. Fisher, FISHER & HANSEN, P.C., Washington, D.C., for
Appellant. Helen F. Fahey, United States Attorney, Robert A. Spen-
cer, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In August 1995, a grand jury indicted Appellant Xuyen Thi Vu on one count of conspiracy to commit malicious destruction of property by fire,[1] and one count of aiding and abetting the malicious destruction of property by fire.[2] A jury convicted Vu on both counts of the indictment. Vu appeals her convictions and sentence of fifty-one months incarceration, and the court's order of $58,000 in restitution. Finding no reversible error, we affirm Vu's convictions and sentence.

On appeal, Vu challenges various evidentiary rulings by the trial court to admit or exclude evidence, including certain witness testimony. Specifically, Vu contends that the trial court's evidentiary rulings pertaining to her control of vending locations in Washington, D.C., a witness's testimony regarding out of court statements made by Vu, and a form requesting a police report, denied her the right to a fair trial. Vu's claims are without merit.

A trial court's evidentiary rulings are entitled to substantial deference, United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992), and will not be reversed absent an abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 967 (1997). Additionally, a court has great discretion on limiting witness testimony that leads away from the main controversy. See Davis v. Alaska, 415 U.S. 308, 316 (1974); United States v. McMillon, 14 F.3d 948, 956 (4th Cir. 1994). After reviewing the record, we find no abuse of discretion by the district court. The evidence admitted by the district court was relevant to the crimes charged, and the evidence excluded was either irrelevant to the crimes charged or cumulative.

Additionally, Vu's assertions of prosecutorial misconduct are devoid of merit. To merit a reversal, Vu must establish that the prosecutor's alleged improper comments were: 1) in fact improper, and 2)

_____

[1] 18 U.S.C. § 371 (1994).

[2] 18 U.S.C. § 844(i) (1994).

so prejudicial to Vu's substantive rights as to deny her a fair trial. United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995), cert. denied, 116 S.Ct. 749 (1996). Vu fails to carry her burden because none of the allegedly improper comments during opening or closing argument were in fact improper. Moreover, Vu fails to establish that the prosecutor's argument so misled the jury that she was denied a fair trial.

Accordingly, we affirm Vu's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3